# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| CANDELARIA PALACIOS, | § | |
| Individually and as Representative of the | § | |
| Estate of SAUL VARGAS, Deceased; | § | |
| MARINA LUJAN, Individually; | § | |
| JORGE VARGAS, Individually; | § | |
| SAUL PALACIOS VARGAS, | § | |
| Individually; and RPV, a minor, by and | § | |
| through Next Friend CANDELARIA | § | |
| PALACIOS, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-cv-00152 |
| | § | |
| GALVESTON COUNTY, TEXAS; | § | |
| SKYLER RAY CHAPMAN, | § | |
| Individually; SERGEANT | § | |
| ANDREW HYDE, Individually; | § | |
| OFFICER SMITH, Individually; | § | |
| OFFICER THOMPSON, | § | |
| Individually; JANE DOE, | § | |
| Individually (VitalCore | § | |
| Nurse); and VITALCORE | § | |
| HEALTH STRATEGIES, LLC, | § | |
|     Defendants. | § | |

## DEFENDANT SERGEANT ANDREW HYDE'S
## ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Sergeant Andrew Hyde ("Hyde") files this Original Answer to Plaintiffs' Original Complaint and respectfully shows the Court as follows:

## I.   GENERAL DENIAL

1.      Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Hyde denies each and every allegation contained in Plaintiffs' Original Complaint except those expressly admitted herein, and demands strict proof thereof.

## II.   ADMISSIONS & DENIALS

2.      Paragraph 1—The allegations concern the capacity and family relationships of Candelaria Palacios; Hyde lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

3.      Paragraph 2—Hyde lacks knowledge or information sufficient to form a belief about the allegations concerning Marina Lujan and therefore denies them.

4.      Paragraph 3—Hyde lacks knowledge or information sufficient to form a belief about the allegations concerning Jorge Vargas and therefore denies them.

5.      Paragraph 4—Hyde lacks knowledge or information sufficient to form a belief about the allegations concerning Saul Palacios Vargas and therefore denies them.

6.      Paragraph 5—Hyde lacks knowledge or information sufficient to form a belief about the allegations concerning RPV, a minor, and therefore denies them.

7.      Paragraph 6—The allegations state legal conclusions regarding the Estate's survival claims to which no response is required; to the extent a response is required, Hyde lacks sufficient knowledge and denies them.

8.      Paragraph 7—Admit that Saul Vargas was confined at the Galveston County Jail on the charges identified and was in the custody of the Galveston County Sheriff's Of-

fice; Hyde lacks sufficient knowledge as to the remaining personal descriptors and denies them.

9.    Paragraph 8—Admit that Galveston County is a political subdivision of the State of Texas that operates the Galveston County Jail through the Sheriff's Office; the remaining allegations state legal conclusions to which no response is required, and to the extent a response is required, they are denied.

10.    Paragraph 9—Admit that Skyler Ray Chapman was employed as a Galveston County jail officer at the relevant time, and admit on information and belief that he was indicted and is no longer employed by the Sheriff's Office; the allegation that he acted "under color of state law" states a legal conclusion to which no response is required; the remaining allegations are denied or, as directed at another defendant, are denied for lack of knowledge.

11.    Paragraph 10—Admit that Hyde was employed by the Galveston County Sheriff's Office as a sergeant at all relevant times, that he responded to the incident, and that he acted within the course and scope of his employment. Hyde denies that he was the senior or sole supervising officer on scene, as Lieutenant G. Warfield, the shift commander, was present; the allegation that he acted "under color of state law" states a legal conclusion to which no response is required; and Hyde denies the remaining allegations, including any suggestion that the use of force "caused the death" of Saul Vargas.

12.    Paragraph 11—Admit that Officer Smith was a Galveston County jail officer; the assertions that Smith "failed to intervene" or that any "unconstitutional" force oc-

curred are legal conclusions and are denied; Hyde otherwise lacks sufficient knowledge as to allegations directed at Officer Smith and denies them.

13.    Paragraph 12—Admit that Officer Thompson was a Galveston County jail officer; the assertions that Thompson "failed to intervene" or that any "unconstitutional" force occurred are legal conclusions and are denied; Hyde otherwise lacks sufficient knowledge as to allegations directed at Officer Thompson and denies them.

14.    Paragraph 13—Admit that a nurse was summoned to remove TASER prongs; the allegation that she acted "under color of state law" and the remaining characterizations state legal conclusions or concern another defendant; Hyde lacks sufficient knowledge and denies them.

15.    Paragraph 14—The allegations are directed at VitalCore Health Strategies, LLC and state legal conclusions; Hyde lacks knowledge or information sufficient to form a belief and therefore denies them.

16.    Paragraph 15—The allegations state legal conclusions regarding subject-matter jurisdiction to which no response is required; to the extent a response is required, Hyde does not presently contest the Court's subject-matter jurisdiction over Plaintiffs' federal claims and denies the remaining allegations.

17.    Paragraph 16—The allegations state legal conclusions regarding venue to which no response is required; to the extent a response is required, Hyde does not presently contest venue and denies the remaining allegations.

18.     Paragraph 17—Admit that Saul Vargas was booked into the Galveston County Jail on or about September 2, 2024 on the charges identified and remained in custody approximately eight days; Hyde denies the characterization of those charges as "non-violent property offenses" and denies the remaining allegations.

19.     Paragraph 18—Admit on information and belief that Saul Vargas was placed on a withdrawal-management protocol administered by medical staff; the toxicology findings and the assertion of "actual knowledge" of a "serious medical need" state matters within the knowledge of the medical providers and/or legal conclusions, which Hyde denies and as to which he otherwise lacks sufficient knowledge.

20.     Paragraph 19—The allegations are directed at VitalCore and Galveston County; Hyde lacks sufficient knowledge and therefore denies them.

21.     Paragraph 20—The allegations are directed at VitalCore; Hyde lacks sufficient knowledge and therefore denies them.

22.     Paragraph 21—Admit that on September 10, 2024 a cell door in the male FSP area was opened, that Saul Vargas exited his cell into the dayroom, and that Hyde responded to the disturbance and arrived a short time later, at approximately the time reflected in the records; Hyde denies the remaining allegations.

23.     Paragraph 22—Admit that Hyde deployed his TASER in response to Saul Vargas's active resistance on the occasions reflected in the records, that Vargas was returned to his cell, and that officers worked to remove the TASER prongs and restraints; Hyde denies the remaining allegations and any implication that the force was improper.

24.     Paragraph 23—Hyde lacks sufficient knowledge as to the precise positioning of Officer Chapman and specifically denies that he observed, or was aware, that Officer Chapman placed or maintained a knee or leg on Saul Vargas's neck; Hyde denies the remaining allegations to the extent they are directed at or impute knowledge to him.

25.     Paragraph 24—Admit that Hyde deployed his TASER on the occasions reflected in the records; Hyde denies the characterization that Saul Vargas was passively "restrained" or "pinned," alleges that each deployment was a response to Vargas's continued active resistance, and denies the remaining allegations.

26.     Paragraph 25—Admit that a nurse arrived in the area at approximately 5:07 p.m. to remove TASER barbs; Hyde denies the predicate that any "knee remained on Vargas's neck" to his knowledge, lacks sufficient knowledge as to the nurse's observations or actions, and denies the remaining allegations.

27.     Paragraph 26—Admit that Hyde gave Saul Vargas a warning and instruction at approximately 5:08 p.m. and that Vargas did not verbally respond at that moment; Hyde denies that this constituted an obvious or observable medical emergency known to him and denies the remaining allegations and characterizations.

28.     Paragraph 27—Admit that the officers exited the cell and secured the door at approximately 5:08–5:09 p.m. and that Saul Vargas was in a prone position; Hyde denies that Vargas was, to Hyde's knowledge, "unconscious and in need of immediate life-saving medical care," denies that he was "subjectively aware" of any such emergency, and denies the remaining allegations.

29.     Paragraph 28—Admit that there was an interval between the securing of the cell at approximately 5:09 p.m. and the medical re-entry at approximately 5:28 p.m.; Hyde denies that Saul Vargas was "unmonitored," denies the suggestion in Paragraph 28 and its footnote that any video was altered or "tampered" with, and otherwise lacks sufficient knowledge as to those matters and the cited Custodial Death Report and denies them.

30.     Paragraph 29—Admit that staff returned to the cell at approximately 5:28 p.m., found Saul Vargas unresponsive, initiated life-saving measures, and that EMS transported him to UTMB, where he later died; Hyde denies the characterization "belatedly," denies the implied causation, and denies the remaining allegations.

31.     Paragraph 30—The autopsy report referenced speaks for itself; Hyde lacks sufficient knowledge as to its findings and denies the allegations to the extent a response is required.

32.     Paragraph 31—The medical examiner's report referenced speaks for itself; to the extent the allegations impute wrongful conduct or causation to Hyde, they are denied, and Hyde otherwise lacks sufficient knowledge and denies them.

33.     Paragraph 32—The allegations concern Galveston County's Custodial Death Report, which speaks for itself, and are directed at another defendant; Hyde lacks sufficient knowledge and therefore denies them.

34.     Paragraph 33—Admit on information and belief that a grand jury returned an indictment against Skyler Ray Chapman; Hyde denies that the indictment establishes or

"confirms" the truth of any factual matter and denies the remaining allegations to the extent they are directed at or impute anything to him.

35.    Paragraph 34—Hyde incorporates his foregoing responses as if fully set forth herein.

36.    Paragraph 35—The allegations state legal conclusions to which no response is required; to the extent a response is required, they are denied.

37.    Paragraph 36—The allegations state legal conclusions regarding the applicable legal standard to which no response is required; to the extent a response is required, they are denied.

38.    Paragraph 37—The allegations are directed at Officer Chapman and state legal conclusions; no response is required of Hyde, and to the extent a response is required, Hyde lacks sufficient knowledge and denies them.

39.    Paragraph 38—The allegations are directed at Officer Chapman; no response is required of Hyde, and to the extent a response is required and to the extent the allegations impute liability or causation to Hyde, they are denied.

40.    Paragraph 39—Hyde incorporates his foregoing responses as if fully set forth herein.

41.    Paragraph 40—The allegations state legal conclusions regarding the duty to intervene to which no response is required; to the extent a response is required, they are denied.

42.     Paragraph 41—Denied. Hyde specifically denies that he had knowledge that any constitutional violation was being committed, that he personally observed Officer Chapman apply neck compression, or that he had a realistic opportunity to intervene and failed to do so.

43.     Paragraph 42—Denied. Hyde denies that he bore a "heightened duty" as alleged, denies that he observed Officer Chapman's positioning at Vargas's neck or any constitutional violation, denies that he perceived and disregarded a medical emergency, and alleges that he called for medical personnel to respond during the incident and that medical staff were present; the remaining allegations are denied.

44.     Paragraph 43—Denied, including the allegations of knowledge, opportunity, and causation, and the allegation that any act or omission of Hyde proximately caused Saul Vargas's death.

45.     Paragraph 44—Hyde incorporates his foregoing responses as if fully set forth herein.

46.     Paragraph 45—The allegations state legal conclusions to which no response is required; to the extent a response is required, they are denied.

47.     Paragraph 46—Denied as to Hyde's subjective awareness of any serious medical need; Hyde lacks sufficient knowledge as to the medication protocol and denies the legal conclusions, including the assertion of an "acute and obvious" emergency known to him.

48.     Paragraph 47—The allegations are directed at the VitalCore nurse; no response is required of Hyde; Hyde denies the speculation regarding any "blotted out" video and otherwise lacks sufficient knowledge and denies them.

49.     Paragraph 48—Denied. Hyde denies that he observed an obvious medical emergency, denies that he acted with deliberate indifference, alleges that he summoned and relied upon medical personnel, and denies the speculation regarding any "blotted out" video and the remaining allegations.

50.     Paragraph 49—The allegations are directed at Officers Smith and Thompson; no response is required of Hyde; Hyde denies the speculation regarding any "blotted out" video and otherwise lacks sufficient knowledge and denies them.

51.     Paragraph 50—The allegations are directed at VitalCore and state legal conclusions; Hyde lacks sufficient knowledge and therefore denies them.

52.     Paragraph 51—Denied, including the assertion of any "systemic failure" by Hyde and that any act or omission of Hyde proximately caused Saul Vargas's death.

53.     Paragraph 52—Hyde incorporates his foregoing responses as if fully set forth herein.

54.     Paragraph 53—The allegations state legal conclusions regarding municipal liability to which no response is required; to the extent a response is required, they are denied.

55.     Paragraph 54—The allegations, including subparts (a) through (e), are directed at Galveston County; no response is required of Hyde; to the extent any allegation, including subparts (b) and (e), characterizes Hyde's conduct, it is denied.

56.     Paragraph 55 (designated in the Complaint as a second "Paragraph 50," concerning the County's Custodial Death Report)—The allegations are directed at Galveston County; no response is required of Hyde, and to the extent a response is required, Hyde lacks sufficient knowledge and denies them.

57.     Paragraph 56—Denied to the extent the allegations characterize or impute any "failure to intervene" or other conduct to Hyde; the remaining allegations are directed at Galveston County, state legal conclusions, and require no response, and to the extent a response is required, they are denied.

58.     Paragraph 57—Hyde incorporates his foregoing responses as if fully set forth herein.

59.     Paragraph 58—The allegations state legal conclusions regarding supervisory liability to which no response is required; to the extent a response is required, they are denied.

60.     Paragraph 59—Denied. Hyde admits only that he deployed his TASER in response to Saul Vargas's active resistance; he denies that he had supervisory responsibility amounting to liability, denies that he observed or acquiesced in any neck compression, denies that he perceived and disregarded a medical emergency, and denies the remaining allegations and characterizations.

61.    Paragraph 60—Denied, including the allegations of direct participation in or acquiescence to any constitutional violation and any basis for supervisory liability.

62.    Paragraph 61—Denied. Hyde denies that Plaintiffs are entitled to recover any damages from him, including the categories enumerated in subparts (a) through (f).

63.    Answering the "Jury Demand" and the "Prayer for Relief," Hyde admits that Plaintiffs demand a jury; Hyde denies that Plaintiffs are entitled to any of the relief requested, including subparts (a) through (h), and denies that Plaintiffs are entitled to any judgment, damages, fees, interest, or costs against him.

## III.   AFFIRMATIVE DEFENSES

64.    Subject to and without waiving the foregoing, and pleading in the alternative, Defendant Hyde asserts the following defenses:

65.    **Qualified Immunity.** Hyde is entitled to qualified immunity on each of Plaintiffs' claims under 42 U.S.C. § 1983. At all relevant times he acted reasonably and in good faith, and his conduct did not violate any clearly established statutory or constitutional right of which a reasonable officer would have known.

66.    **Failure to State a Claim.** Plaintiffs' Complaint fails, in whole or in part, to state a claim against Hyde upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

67.    **No Personal Involvement; No Culpable State of Mind.** Hyde did not personally participate in any constitutional violation, lacked subjective knowledge of any sub-

stantial risk of serious harm, lacked a realistic opportunity to prevent the conduct alleged, and did not act with deliberate indifference.

68.     **Objective Reasonableness.** Any force used by Hyde was objectively reasonable under the circumstances then confronting him, was applied in response to Saul Vargas's active resistance and the legitimate need to restore order and security, and did not violate the Fourteenth Amendment.

69.     **No Vicarious or Supervisory Liability.** Section 1983 does not impose vicarious or respondeat superior liability. Hyde is not liable for the independent acts or omissions of any other person, and he neither implemented nor was the moving force behind any policy, custom, or failure to train or supervise.

70.     **Superseding and Intervening Cause; No Causation.** Any injury or death was proximately caused by the independent, intervening, or superseding acts or omissions of others and/or by Saul Vargas's own conduct and pre-existing medical conditions, and not by any act or omission of Hyde.

71.     **Comparative and Contributory Responsibility.** To the extent Plaintiffs assert any claim sounding in state law, any recovery is barred or must be reduced by the comparative responsibility of Saul Vargas, including his active resistance and assaultive conduct, under Chapter 33 of the Texas Civil Practice and Remedies Code, and is further barred to the extent the injuries were sustained while Vargas was engaged in the commission of a felony or other unlawful act.

72.    **Reliance on Medical Personnel.** Hyde reasonably relied upon the presence, judgment, and care of the on-site medical staff with respect to Saul Vargas's medical condition and treatment.

73.    **Texas Official Immunity and Election of Remedies.** To the extent Plaintiffs assert any claim against Hyde under Texas law, he is entitled to official immunity because he performed discretionary duties in good faith within the scope of his authority, and any such state-law claim must be dismissed under the election-of-remedies provisions of Section 101.106 of the Texas Tort Claims Act.

74.    **Exhaustion.** To the extent the Prison Litigation Reform Act applies, Plaintiffs' claims are barred by the failure to exhaust available administrative remedies.

75.    **Good Faith; Privilege and Justification.** At all times Hyde acted in good faith, with privilege and legal justification, and without malice or intent to deprive any person of any right.

76.    **Standing and Capacity.** Plaintiffs lack standing or capacity, in whole or in part, to assert the claims pleaded, including the wrongful-death claims of one or more putative beneficiaries and the survival claims of the Estate of Saul Vargas; Hyde demands strict proof of each Plaintiff's standing and of the representative capacity asserted, pursuant to Federal Rule of Civil Procedure 9(a) and Chapter 71 of the Texas Civil Practice and Remedies Code.

77.    **Justification and Privilege.** To the extent Plaintiffs assert any claim sounding in state law, any force used by Hyde was legally justified and privileged, including under

Chapter 9 of the Texas Penal Code (e.g., §§ 9.51–9.53), which authorizes the use of force to effect an arrest, to prevent escape from custody, and to maintain the security of a correctional facility; such justification bars or limits any state-law assault or battery theory.

78.     **Designation of Responsible Third Parties.** Pursuant to § 33.004 of the Texas Civil Practice and Remedies Code, Hyde reserves the right to designate one or more responsible third parties, including Skyler Ray Chapman, VitalCore Health Strategies, LLC, and its nurse, whose acts or omissions caused or contributed to the injuries and damages alleged.

79.     **Limitations on Exemplary Damages.** Any claim for exemplary or punitive damages is barred or limited by the absence of the requisite culpable mental state and by all applicable statutory and constitutional limitations, including the heightened standard of proof and the statutory caps of §§ 41.003 and 41.008 of the Texas Civil Practice and Remedies Code as to any state-law claim, and the due-process limitations applicable to any federal claim.

80.     **Reservation.** Hyde reserves the right to amend this Answer and to assert additional defenses as discovery and investigation proceed.

## IV.   DEMAND FOR JURY TRIAL

81.     Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Hyde demands a trial by jury on all issues so triable.

## V.    REQUEST FOR RELIEF

82.    FOR THESE REASONS, Defendant Hyde respectfully requests that the Court enter judgment that Plaintiffs take nothing against him, dismiss Plaintiffs' claims against him with prejudice, tax all costs against Plaintiffs, award Hyde his reasonable attorney's fees to the extent permitted by law, including under 42 U.S.C. § 1988, and grant all other relief to which he is justly entitled.

Respectfully submitted,

**MILLS SHIRLEY L.L.P.**
2200 Market St., Suite 300
Galveston, TX 77550
Phone/Fax: 409.761.4001

By: _____
     Robert E. Booth
Texas Bar No. 24040546
SDTX Bar No. 36858
rbooth@millsshirley.com

**ATTORNEYS FOR DEFENDANT**

**SERGEANT ANDREW HYDE**

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system, in accordance with Federal Rule of Civil Procedure 5(b).

By: _____

Robert E. Booth

Texas Bar No. 24040546

SDTX Bar No. 36858